# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**MARY CAMPBELL,**

       **Plaintiff,**

**v.**                                                                   **No. 98cv0798 BB/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Campbell's) Motion to Reverse or Remand the Administrative Decision, filed November 24, 1998. The Commissioner of Social Security issued a final decision denying Campbell's applications for disability insurance benefits and supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

Campbell, now thirty-eight years old, filed her applications for disability insurance benefits and supplemental security income on July 1, 1994, alleging a disability which commenced June 14, 1994, due to chronic low back, hip and leg pain, chronic anxiety, and depression. She is a high school graduate with past relevant work as a motel manager, maid, waitress, dry cleaning laborer, day care worker, and office assistant. The Commissioner denied Campbell's application for disability insurance benefits and supplemental security income both initially and on reconsideration. After conducting an

administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Campbell had the residual functional capacity for sedentary work activities which allow her to switch between sitting, standing, and walking as needed. Relying on the testimony of a vocational expert, the ALJ found she was able to perform her past relevant work as a police dispatcher. Thus, the ALJ concluded Campbell was not disabled within the meaning of the Social Security Act. The Appeals Council denied Campbell's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Campbell seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

2

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand the administrative decision, Campbell argues the ALJ erred in finding her mental condition was not severe, erred in failing to provide an analysis of her depression under the listings, erred in his assessment of her credibility, and in determining she retained the residual functional capacity to perform her past relevant work as a police dispatcher.

The ALJ concluded Campbell did not have a severe mental impairment. AR 35-36. This determination is not supported by substantial evidence. The record establishes Campbell was diagnosed with major depression. AR 120. On September 23, 1994, her psychological counselor noted Campbell was afflicted with suicidal ideation, social withdrawal, isolation, paranoia, and was overwhelmed. AR 122. Dr. Storme Lynn prescribed the antidepressants Amitriptyline, and Paxil.[1] AR 122-23, 141-43.

Campbell's counselors consistently described her as depressed. *Id.* Dr. Lynn concluded Campbell was unlikely to be "a reliable member of any work force." AR 144-45. In light of this record, the ALJ's

---

[1] Amitriptyline, also known as Elavil, is indicated for the relief of symptoms of depression. Physicians' Desk Reference, 3163 (52nd ed. 1998). Paxil is indicated for the treatment of depression, obsessive compulsive disorder, and panic disorder. Physicians' Desk Reference, 2851 (52nd ed. 1998).

determination that Campbell did not suffer from a severe mental impairment is not supported by substantial evidence. On remand, the ALJ should complete the sequential evaluation analysis, especially his assessment of Campbell's residual functional capacity, in light of her severe, non-exertional mental impairment.

Campbell next contends the ALJ failed to properly complete the Psychiatric Review Technique Form (PRT form). When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2). In this case, while the ALJ append a PRT form to the decision, it was not completed in accordance with the evidence of record. Moreover, the ALJ failed to discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form as required by *Cruse*. On remand, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.

Campbell argues the ALJ did not properly assess her credibility. The ALJ found Campbell's testimony was not fully credible. While it is true that this Court generally defers to credibility determinations of the ALJ, such deference is not absolute. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). The ALJ's credibility determination is not supported by substantial evidence. A remand is required due to this omission. *Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995). On remand, the ALJ should reevaluate Campbell's credibility.

In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)). In this case, the ALJ did not expressly follow this analysis. On remand, the ALJ should expressly follow the *Luna* pain analysis. With respect to the credibility determination and the pain analysis, the ALJ did not apply correct legal standards and substantial evidence does not support his decision. On remand, the ALJ should link his credibility determination with specific evidence of record, analyze Campbell's complaints of disabling pain, and apply the appropriate pain analysis.

Campbell claims the ALJ erred in determining she had the residual functional capacity to perform her past relevant work as a police dispatcher. With respect to this position, the record establishes Campbell was placed in a six month training program at the Mountainair Police Department pursuant to the Job Partnership Training Act. AR 201. She started the program in September, 1992, and left in February, 1993, due to her physical condition and emotional stresses. *Id*. In order to constitute past relevant work under applicable regulations, the job must have been performed within the past fifteen years, have been of sufficient duration to enable the worker to learn to perform the job, and had to be substantial gainful activity. 20 C.F.R. §§ 404.1565(a) and 416.965(a). In this case, the record establishes that Campbell did not complete the training period necessary to qualify for the position of police dispatcher. AR 201. Therefore, the ALJ's determination that Campbell's past relevant work encompassed the job of police dispatcher is not supported by substantial evidence.

5

**RECOMMENDED DISPOSITION**

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Campbell's Motion to Reverse and Remand Administrative Decision, filed November 24, 1998, should be granted. This case should be remanded to the Commissioner for completion of the sequential evaluation process with appropriate consideration accorded to Campbell's severe mental impairment, completion of the PRT form to reflect the evidence of record, discussion in the opinion of the evidence the ALJ considered in reaching the conclusions expressed on the PRT form, reevaluation of her credibility, linkage of the credibility determination with specific evidence of record, analysis of Campbell's complaints of disabling pain under the *Luna* pain analysis, and completion of the sequential evaluation process, including step five, in the absence of a finding that Campbell's past relevant work encompassed the job of police dispatcher.

```
                          JOE H. GALVAN
                          UNITED STATES MAGISTRATE JUDGE
```

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.